| | | |
|---|---|---|
| **NATASHA SUMMERS**<br>658 Hunting Fields Road<br>Middle River, Maryland 21220 | \* <br>\* | IN THE<br><br>CIRCUIT COURT |
| **AND** | \* | FOR |
| **JESSICA HOSKINS**<br>3417 Virginia Beach Boulevard, Apt. 131<br>Virginia Beach, Virginia 23452 | \* | BALTIMORE CITY |
| *Plaintiffs* | \* | CASE NO.: |
| v. | \* | |
| **FOGO DE CHAO CHURRASCARIA (BALTIMORE), LLC**<br>SERVE ON RESIDENT AGENT:<br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | \*<br><br>\* | JURY TRIAL DEMANDED |
| *Defendant* | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, Natasha Summers and Jessica Hoskins, by and through their attorneys, Dustin C. Furman and Dallon P. Danforth of FURMAN | HONICK LAW, and hereby sues the Defendant, Fogo de Chao Churrascaria (Baltimore), LLC, and, as grounds, states the following.

### PARTIES

1. Plaintiff Natasha Summers is and was, at all times relevant, a natural person and an adult resident of Baltimore County, Maryland.

2. Plaintiff Jessica Hoskins is and was, at all times relevant, a natural person and an adult resident of Virginia Beach, Virginia.

**EXHIBIT 2**

3.  Defendant, Fogo de Chao Churrascaria (Baltimore), LLC ("Fogo de Chao") is and was, at all times relevant, a foreign business entity incorporated under the laws of the State of Texas, doing business in and throughout the State of Maryland, including Baltimore City primarily.

## JURISDICTION AND VENUE

4.  This Court possesses personal jurisdiction over Defendant Fogo de Chao pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1) & (3), as Defendant transacts business in the State of Maryland and caused tortious injury in Maryland by an act or omission occurring in the same.

5.  This Court possesses subject matter jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501, as this Court's exclusive original jurisdiction has not been limited or exclusively conferred upon another tribunal in any applicable manner.

6.  Venue is properly vested in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a), as Defendant Fogo de Chao carries on a regular business in Baltimore City, Maryland.

## FACTS COMMON TO ALL COUNTS

7.  On or about April 09, 2023, Plaintiff Jessica Hoskins ("Ms. Hoskins") was an invitee and patron of the Fogo de Chao Brazilian Steakhouse located at 600 E. Pratt Street, Suite 102, Baltimore, Maryland 21202 ("Fogo de Chao" or "the Premises").

8.  Fogo de Chao is a Brazilian steakhouse that offers all-you-can-eat meat, which is carved tableside. Fogo de Chao's restaurant is open seven (7) days a week for lunch and dinner, along with weekend brunch. Patrons can either dine in, carry out, or request food delivery.

9.  Ms. Hoskins ate a wide variety of the food available for purchase by on Fogo de Chao's menu.

10. Shortly after eating the food prepared and served to her by Fogo de Chao, Ms. Hoskins began to experience symptoms consistent with severe food poisoning.

11. By April 13, 2023, Ms. Hoskins was diagnosed as suffering from gastroenteritis due to the food that she consumed at Fogo de Chao.

12. However, Ms. Hoskins' condition continued to deteriorate. By April 19, 2023, Ms. Hoskins received additional medical treatment, where it was further determined that she had contracted Salmonella poisoning from Fogo de Chao.

13. Ms. Hoskins was then admitted to inpatient care for twenty (20) consecutive days in order to manage her Salmonella poisoning. In doing so, Ms. Hoskins was forced to undergo a surgical operation to remove a portion of her colon due to the severity of her condition.

14. Ms. Hoskins' condition and the medical treatment necessitated by her condition caused Ms. Hoskins to suffer physical, financial, and mental injuries through no fault of her own.

15. Unfortunately, Ms. Hoskins was not the only one that contracted Salmonella from Fogo de Chao in April of 2023.

16. On or about April 30, 2023, Co-Plaintiff Natasha Summers ("Ms. Summers") was also an invitee and patron of the same Fogo de Chao. Ms. Summers was present at the Premises for the purposes of celebrating her birthday, with several members of her family in attendance.

17. Throughout the course of her meal, Ms. Summers ate a wide variety of the items available for purchase on Fogo de Chao's menu.

18. The following day, May 1, 2023, Ms. Summers began to exhibit symptoms consistent with food poisoning, including but not limited to physical weakness, fever, body aches, diarrhea, and headaches.

3

19. Ms. Summers' symptoms continued to worsen to the point where she required immediate medical intervention. Ms. Summers presented to an urgent care facility but, due to the severity of her symptoms, she was instructed by urgent care staff to report to the intensive care unit of a nearby hospital.

20. After being admitted to said hospital, Ms. Summers was diagnosed as suffering from Salmonella poisoning.

21. Ms. Summers contracted Salmonella disease as a result of the food prepared and served to her by Fogo de Chao.

22. Ms. Summers was required to receive inpatient care for over seven (7) consecutive days in order to address her severe symptoms, thereby causing her to suffer physical, financial, and mental injuries through no fault of her own.

23. At all times relevant to this action, Fogo de Chao held itself out to the public as a reputable and duly qualified dining establishment.

24. As a result of the aforementioned Salmonella outbreak, the Maryland Department of Health ("MDOH") was caused to investigate the Salmonella outbreak occurring at Fogo de Chao. MDOH's investigation ultimately concluded that anywhere from thirty-six (36) to sixty-two (62) individual people contracted Salmonella poisoning from Fogo de Chao within the same or substantially same period of Ms. Summers' and Ms. Hoskins' meals.

25. Although MDOH was not able to identify exactly which food item was responsible for the Salmonella outbreak, MDOH's investigation revealed "several possible sources for the outbreak," including but not limited to: (1) contaminated equipment; (2) ill service workers; (3) and a likely "rodent reservoir" as evidenced by recent violations "for the presence of rodent droppings" at the restaurant.

26. As a result of MDOH's intervention, Fogo de Chao was caused to close for a two (2) week period beginning on May 02, 2023.

### COUNT I – NEGLIGENCE
(PLAINTIFF HOSKINS V. DEFENDANT)

27. Plaintiffs adopt and incorporate by reference the preceding Paragraphs with the same force and effect as if fully set forth herein.

28. Upon information and belief, at all relevant times to this action, Defendant Fogo de Chao owned, possessed, controlled, maintained, operated, and managed the subject restaurant. Accordingly, Fogo de Chao had a duty to use reasonable care to prepare the food in a manner that was safe for human consumption, to maintain the kitchen equipment in proper working order, and to protect Ms. Hoskins against injury caused by an unreasonable and unforeseeable risk in Fogo de Chao's food.

29. Fogo de Chao breached this duty by, *inter alia*, failing to prepare its food in a manner safe for human consumption, failing to maintain all equipment used in the preparation of food served to its patrons, failing to take reasonable care in inspecting all food and equipment used to prepare food, and by otherwise failing to exercise reasonable care under the circumstances to prevent the foreseeable harm reasonably likely to result from the failure to safely prepare and inspect the food to be served by Fogo de Chao.

30. But for Fogo de Chao's breach, Ms. Hoskins would not have suffered the injuries described herein. A reasonable restaurant and food service would foresee that failing to properly prepare, preserve, and/or serve safe food to its patrons would endanger the safety and well-being of its patrons – including Ms. Hoskins. As such, Fogo de Chao's conduct is the direct and proximate cause of Ms. Hoskins' damages.

31. As a result of Fogo de Chao's breach, Ms. Hoskins sustained, and will continue to suffer from, serious and painful physical injuries, economic loss, the loss of her wages and/or other professional earnings, as well as severe emotional trauma.

32. As a result of said injuries, Ms. Hoskins was compelled to undergo extensive and invasive medical care and treatment, at all great personal expense, and all involving substantial pain, anxiety, suffering, and loss of function.

33. Ms. Hoskins has been left with a severely painful and substantially prolonged condition because of the injuries described above, which will cause her to require future medical care and treatment, which will continue to detrimentally impact her normal life activities.

34. The injuries and damages of which Ms. Hoskins now complains were caused solely by the negligence of Fogo de Chao, absent any contributory negligence on the part of Ms. Hoskins.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant Fogo de Chao in an amount exceeding Seventy-Five Thousand Dollars (>$75,000.00) in compensatory damages, plus interest and costs.

### COUNT II – NEGLIGENCE
(PLAINTIFF SUMMERS V. DEFENDANT)

35. Plaintiffs adopt and incorporate by reference the preceding Paragraphs with the same force and effect as if fully set forth herein.

36. Defendant Fogo de Chao owed a duty of reasonable care to Ms. Summers at all times relevant to this action.

37. Fogo de Chao breached its duty to Ms. Summers by, *inter alia*, failing to prepare its food in a manner safe for human consumption, failing to maintain all equipment used in the preparation of food served to its patrons, failing to take reasonable care in inspecting all food and

equipment used to prepare food, and by otherwise failing to exercise reasonable care under the circumstances to prevent the foreseeable harm reasonably likely to result from the failure to safely prepare and inspect the food to be served by Fogo de Chao.

38. But for Fogo de Chao's breach, Ms. Summers would not have suffered the injuries described herein. A reasonable restaurant and food service would foresee that failing to properly prepare, preserve, and/or serve safe food to its patrons would endanger the safety and well-being of its patrons – including Ms. Summers. As such, Fogo de Chao's conduct is the direct and proximate cause of Ms. Summers' damages.

39. As a result of Fogo de Chao's breach, Ms. Summers sustained, and will continue to suffer from, serious and painful physical injuries, economic loss, the loss of her wages and/or other professional earnings, as well as severe emotional trauma.

40. As a result of said injuries, Ms. Summers was compelled to undergo extensive and invasive medical care and treatment, at all great personal expense, and all involving substantial pain, anxiety, suffering, and loss of function.

41. Ms. Summers has been left with a severely painful and substantially prolonged condition because of the injuries described above, which may cause her to require future medical care and treatment, which will continue to detrimentally impact her normal life activities.

42. The injuries and damages of which Ms. Summers now complains were caused solely by the negligence of Fogo de Chao, absent any contributory negligence on the part of Ms. Summers.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant Fogo de Chao in an amount exceeding Seventy-Five Thousand Dollars (>$75,000.00) in compensatory damages, plus interest and costs.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### MD. CODE ANN., COM. LAW § 2-314
### (PLAINTIFFS V. DEFENDANT)

43. Plaintiffs adopt and incorporate by reference the preceding Paragraphs with the same force and effect as if fully set forth herein.

44. At all times relevant to this action, Defendant Fogo de Chao held itself out to the public as a reputable and duly qualified dining establishment. Fogo de Chao is a "seller" or "merchant" of food items pursuant to Md. Code Ann., Com. Law § 2-314(1).

45. Ms. Summers and Ms. Hoskins paid the purchase price for their food, and Fogo de Chao represented to Plaintiffs that the food was safe, wholesome, and otherwise properly prepared. Fogo de Chao therefore impliedly warranted to the Plaintiffs that the food was fit for human consumption.

46. Upon information and belief, Fogo de Chao did not disclaim, exclude, or otherwise modify the implied warranty of merchantability as applied to its menu items.

47. Fogo de Chao breached the implied warranty of merchantability by serving food to Ms. Summers and Ms. Hoskins that was not fit for the ordinary purpose for which it was purchased. Additionally, the food served to Ms. Summers and Ms. Hoskins failed to conform with the promises and/or affirmations of fact presented by Fogo de Chao.

48. Ms. Summers and Ms. Hoskins would not have suffered the physical, financial, and mental injuries described herein but for Fogo de Chao's breach of the implied warranty of merchantability.

**WHEREFORE**, this suit is brought, and Plaintiffs hereby demand judgment against Defendant Fogo de Chao in an amount exceeding Seventy-Five Thousand Dollars (>$75,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

*[signature]*

**Dustin C. Furman, AIS No.: 1612130239**
**Dallon P. Danforth, AIS No.: 2511201055**
**FURMAN | HONICK LAW**
10045 Red Run Boulevard, Suite 170
Owings Mills, Maryland 21117
P: (410) 844-6000
F: (410) 705-5651
Dustin@fhjustice.com
Dallon@fhjustice.com
*Counsel for Plaintiffs,*
*Natasha Summers and Jessica Hoskins*

## JURY TRIAL PRAYER

Plaintiffs hereby demand that this matter be tried before a jury on all issues so triable.

*[signature]*

**Dustin C. Furman, AIS No.: 1612130239**

9